PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the uncontested report of the referee. The referee recommended finding the respondent, Russell L. Johnson, guilty of professional misconduct and the imposition of certain disciplinary measures.
The referee found that respondent agreed to represent a client who was charged with manslaughter committed by a person driving while intoxicated. Respondent charged the client a fee of $3,500. According to the referee’s findings, respondent intended to provide representation only with regard to preliminary matters, including possible plea bargaining. When it became apparent that the state would seek a sentence of imprisonment, the client indicated that he would assert his right to a jury trial. Only then did respondent make clear to the client that he would not provide representation and defense at trial. Respondent conducted no discovery and filed no motions. The referee concluded that the fee charged was excessive for the work performed and that respondent failed to clearly communicate and arrange the terms of the representation he was willing to provide.
The referee recommended that respondent be found guilty of violating the former Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); 2-106(A) (charging or collecting a clearly excessive fee); 6-101(A)(l) (handling a legal matter one is not competent to handle); and 7-101(A)(2) (failure to carry out a contract of employment).
The referee recommended that respondent be given a public reprimand by means of a personal appearance before the Board of Governors of The Florida Bar and that he be placed on supervised probation for two years.* The terms of the recommended probation are that respondent’s work be supervised by another attorney designated in accordance with the standard procedures established by the Bar for such appointments and that respondent provide quarterly practice reports providing information on respondent’s handling of cases in accordance with the Bar’s established procedures.
We approve the referee’s report. Russell L. Johnson shall appear before the Board of Governors to receive a public reprimand and shall be on supervised probation for two years.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

 In addition to the findings and recommendations regarding the respondent’s misconduct as charged in the complaint, the referee also reported his conclusion that respondent’s mental and emotional stability is in question and recommended that he be required to submit to psychological evaluation to determine whether his ability to practice law is impaired. There were no allegations of psychological problems in the complaint. Rule 3-7.12 of the Rules Regulating The Florida Bar prescribes the appropriate process for determining incapacity to practice due to physical or mental illness when a lawyer’s capacity is called into question. The rule contains the following provision: "Proceedings with a view of placing an attorney on the inactive list under this section shall be processed under the Rules of Discipline in the same manner as proceedings involving acts of misconduct.” Because the referee’s conclusions regarding respondent’s mental condition were not reached in accordance with the procedure prescribed by rule 3-7.12, we disregard the findings and recommendations on this issue.